UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MAJOR MORRISON,

                Plaintiff,                      **MEMORANDUM AND ORDER**

            v.                            19-CV-2096 (RPK) (LB)

ROMAN SHNEUR
and V.A. MEDICAL CENTER,

                Defendants.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      *Pro se* plaintiff Major Morrison brings this action against Roman Shneur and the V.A. Medical Center (the "Medical Center"). *See* Compl. (Dkt. #1). Plaintiff's request to proceed *in forma pauperis* is granted, but his complaint is dismissed without prejudice because he fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a).

## BACKGROUND

      Plaintiff has filed a form complaint alleging violations of his civil rights. *See* Compl. In response to the question, "[w]here did the events giving rise to your claim[s] occur," plaintiff states: "Race – Deny me service 20 year [e]mployee without [consent] went into my personal [f]older taking [f]unds." *Id.* at 2.* In the facts section of the complaint, plaintiff reiterates that a person "went into [his] personal [f]older" without consent, and he suggests that the alleged conduct violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d *et seq.* Compl. at 2. He also alleges he was harmed by "taking [f]unds" and "wages," and that he suffered "damages [to] my . . . credit[] [f]or an [e]xtended period of [t]ime" that caused loss to him and his family. *Ibid.* Plaintiff has attached exhibits to the complaint,

---

* Citations follow the pagination assigned by the Electronic Court Filing ("ECF") system rather than the documents' internal pagination.

1

including a prescription, a letter plaintiff sent to the United States Department of Health Services, medical records, and a letter from the Department of Veterans Affairs to plaintiff. *See id.* at 5-14.

### STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted). When a complaint falls short, the plaintiff should be given an opportunity to amend the complaint if a "liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

**DISCUSSION**

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain" a "short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Those statements must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). That goes for *pro se* plaintiffs as well. "While we construe pro se pleadings liberally, 'the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.'" *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004)). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative[,] . . . to dismiss the complaint." *Ibid.* (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Here, the complaint does not give fair notice of plaintiff's claim and the grounds upon which it rests. Plaintiff appears to allege that defendants discriminated against him because of his race, but it is not clear how defendants discriminated against him or what facts give rise to the discrimination claim. Plaintiff also appears to allege that defendants unlawfully deprived him of money, but the complaint does not specify what actions defendants took or what law plaintiff believes was violated. And to the extent that plaintiff intends to sue under HIPAA, that statute does not provide a private right of action. *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). Accordingly, plaintiff's complaint is dismissed without prejudice. Except with respect to plaintiff's HIPAA claim, this dismissal does not reflect a determination of the merits of any claim.

Finally, plaintiff is advised that the Federal Pro Se Legal Assistance Project offers a free service that provides legal counseling. The project is run by the City Bar Justice Center of the New York City Bar Association. Plaintiff may contact the project at (212) 382-4729.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice. Plaintiff may file an amended complaint within 30 days. The new complaint must be captioned "First Amended Complaint" and shall bear the same docket number as this order. All further proceedings are stayed for 30 days. If plaintiff does not file a second amended complaint within 30 days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                */s/ Rachel Kovner*
                                                RACHEL P. KOVNER
                                                United States District Judge

Dated: October 25, 2021
       Brooklyn, New York